Friedman, J.E, and Sweeny, J.,
dissent in a memorandum by Sweeny, J., as follows: I dissent.
As the facts that formed the basis for a finding of menacing in the third degree are conceded, the only issue is the appropriate disposition.
Appellant admitted that she had repeatedly punched, kicked and pulled the hair of the victim “to put her I [sic] fear.” She *495 never asserted self-defense or justification for these violent acts.* In adjudicating her a juvenile delinquent, the court, as it had every right to do, looked at the violent nature of the act and appellant’s total lack of remorse. The court also had before it school records showing appellant’s abysmal attendance and GPA as well as her mental health records. The probation report determined appellant had a potential for reoffending and recommended a juvenile delinquency adjudication (cf. Matter of Juan P., 114 AD3d 460 [1st Dept 2014]). Even appellant’s mother asked the court for its help in supervising her daughter because of her inability to do so alone.
Case law need not be cited for the well established proposition that a family court has wide discretion in matters such as these and its determinations are to be accorded great deference. Clearly, the Family Court Judge was in the best position to appreciate the circumstances of this case and to fashion a remedy that was in the best interest of the appellant and the community. It cannot be said, from all the above, that the adjudication and order of probation was not established by a preponderance of the evidence.

 The majority makes reference to the fact that, notwithstanding the violent acts to which appellant pleaded, she seeks to minimize this by claiming she had been bullied by this victim in the past. Yet this was considered by the Family Court Judge and given such weight as the judge deemed appropriate.